**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Barrie Leslie KONICOV, Defendant–Appellant.**

No. 01–2492.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2002.

---

Before SILER and DAUGHTREY, Circuit Judges; and ALDRICH, District Judge.*

*ORDER*

This is an appeal from a judgment and commitment order in a criminal prosecution. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Barrie Leslie Konicov was named in a five-count indictment in connection with an elaborate scheme of tax fraud and failure to file tax returns. Konicov was subsequently tried to a jury and convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and willful failure to file an individ-

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

ual income tax return (three counts), in violation of 26 U.S.C. § 7203. The district court sentenced Konicov to a total of eighty-seven months in prison and a three-year period of supervised release.

Konicov was prosecuted for his failure to file personal income tax returns from 1994 through 1996 and for his role in devising and promoting a tax-evasion and credit card fraud scheme. Konicov insisted on representing himself, with stand-by counsel appointed by the district court, and apparently participated in various pre-trial proceedings without incident. Konicov's behavior, however, changed dramatically when he appeared before the empaneled jury on the first day of his trial. A review of the transcript first shows that the district court admonished Konicov for his failure to rise when the judge entered the courtroom, even though this had not been an issue during pre-trial. The government presented its opening statement, then Konicov was given his chance to make an opening statement to the jury. Konicov's statement eventually dissolved into attempts to present testimony to the jury over the court's express prohibition. Konicov then repeatedly began demanding of the district court the source of its jurisdiction, specifically whether the court had jurisdiction under the common law or under admiralty or maritime law. The court repeatedly asked, instructed, and begged Konicov to abandon his line of "tax protestor garbage" and, in response, Konicov accused the court "of threatening a federal witness in a federal case." After Konicov engaged in several minutes of his deliberate, obstreperous behavior, the court ordered Konicov's removal at 1:40 p.m. while Konicov's stand-by counsel remained. The government introduced three witnesses who produced foundation testimony for the admission of documentary exhibits, the veracity or relevancy of which has never been questioned. The court recessed and

Konicov was readmitted to trial, where he remained without further incident for the ensuing four and one-half days of trial.

The government put on evidence of Konicov's failure to file income taxes for the years in question, of his role in developing and marketing a scheme to defraud the United States (a "De–Tax America" program of sham trusts), and of his scheme to defraud credit card companies by satisfying debt with worthless money orders. Konicov listened to the introduction of this without significant objections. The case went to the jury and Konicov was found guilty of four counts of the indictment.

On appeal, counsel for Konicov does not challenge the quantity or quality of the evidence adduced against his client. Counsel, instead, charges that the district court erred in removing Konicov for one hour and eight minutes the first day of trial and that the prosecutor made improper remarks during its case in chief.

A defendant may be removed from the courtroom during his own trial when he "engages in speech and conduct which is so noisy, disorderly, and disruptive that it is exceedingly difficult or wholly impossible to carry on the trial." *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). "It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated." *Id.* at 343. The Court set forth three constitutionally permissible ways for a trial court to exercise its discretion in dealing with such a situation: 1) binding and gagging the defendant; 2) citing him for contempt; and 3) expelling him from the courtroom. *Id.* at 344.

■ The district court did not make a mistake by ordering Konicov's removal from his trial for slightly more than one hour. The record plainly shows that Konicov opened his jury trial by refusing to acknowledge the dignity of the district court by 1) remaining seated when asked to rise for the entrance of the judge, 2) by ignoring repeated instructions not to testify during his opening statement, and 3) by engaging in a pointless debate with the district court over the court's jurisdiction after making his record and repeatedly being asked to desist. The evidence admitted during Konicov's absence consisted mainly of documents, the veracity or relevancy of which has not been challenged. Finally, the duration of Konicov's absence was just over one hour, and he was promptly readmitted when he complied with the district court's behavior guidelines. Counsel for Konicov cannot cite this court to any analogous facts in which the district court was found to be in error in ordering a similar limited, well-deserved, absence and no such case has been located. This assigned error lacks merit.

Konicov also contends that he was deprived of a fair trial by the cumulative effect of several comments made by the prosecutor during opening and closing statements and by the admission into evidence of Konicov's divorce, details of his "De–Tax America" and other bad acts. In this case, however, because Konicov made no objection to the allegedly improper conduct and statements at trial, this court will review for plain error only. *See* Fed. R.Crim.P. 52(b); *United States v. Wiedyk,* 71 F.3d 602, 609–11 (6th Cir.1995). Under the plain error standard, the remarks are reviewed for their effect on the trial's underlying fairness. *United States v. Olano,* 507 U.S. 725, 735–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also United States v. Leon,* 534 F.2d 667, 679 (6th Cir.1976). If this court finds a remark to be improp-

er, the remark then is judged for its flagrancy, that is, as assessment of 1) the degree to which the remarks might mislead the jury and prejudice the accused, including whether a cautionary instruction was given to the jury; 2) whether the remarks were isolated or permeated the trial; 3) whether the remarks were deliberately or accidentally made; and 4) the strength of the evidence against the accused. *United States v. Dakota,* 197 F.3d 821, 828 (6th Cir.1999).

■ An examination of the record and law under the rigorous foregoing standard shows that this assigned error lacks merit. Konicov highlights comments made in opening statement comparing Konicov to a "tax cheat" and "con man," unflattering characterizations to be sure, but characterizations that were completely supported by the proofs. One could fairly say that the government was merely setting forth the evidence it would present in its case and what it would demonstrate. The government must be given leeway to argue reasonable inferences from the evidence. *United States v. Collins,* 78 F.3d 1021, 1040 (6th Cir.1996). Indeed, Konicov has referred to himself as a "tax protestor" in two billboards during an unsuccessful campaign for a seat in the United States House of Representatives and he admits to having attempted to "withdraw" from the obligations of the Social Security System while still collecting benefits under that System. Evidence of Konicov's marital status was directly relevant to his obligation to file income tax returns and the details of his "De–Tax America" scheme were part of the body of the fraud being charged. The evidence against Konicov was overwhelming and his decision to represent himself did not entitle him to greater rights than a litigant represented by counsel. *United States v. Merrill,* 746

F.2d 458, 465 (9th Cir.1984). This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.